CROWLEY'S YACHT YARD,
INC., Plaintiff,

v.

Federico PEÑA, Secretary, United States
Department of Transportation,
Defendant.

Civ. A. No. 95–729 SSH.

United States District Court,
District of Columbia.

May 18, 1995.

Stanley M. Gorinson, John Longstreth, Marke Ruge, Preston, Gates, Ellis, & Rouvelas Meeds, Washington, DC, for plaintiff.

Keith V. Morgan, Asst. U.S. Atty., U.S. Attys. Office, Washington, DC, for defendant.

*OPINION*

STANLEY S. HARRIS, District Judge.

This matter comes before the Court on the parties' cross-motions for summary judgment, and plaintiff's motion, in the alternative, for a preliminary injunction. Upon consideration of the entire record, the Court grants plaintiff's motion for summary judgment, and denies defendant's motion for summary judgment. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions [for summary judgment]," the Court nonetheless sets forth its analysis. Fed.R.Civ.P. 52(a).

*Background*

This case marks the second time that the Court has been called upon to rule on the validity of a regulation restricting the movement of recreational vessels through the drawbridges crossing the Chicago River. The Court set aside a similar regulation on September 26, 1994, on the ground that the

regulation was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA"). *Crowley's Yacht Yard, Inc. v. Peña*, 863 F.Supp. 18 (D.D.C.1994), *appeal dismissed*, No. 94–5368 (D.C.Cir. Dec. 22, 1994). Accordingly, the regulation previously in effect, codified at 33 C.F.R. § 117.391 (1993), was reinstated, which provided that recreational vessels would be granted passage at virtually all times except for rush hours.[1]

At issue in the present case is a "temporary" rule in effect for the period running from April 15, 1995, to July 13, 1995. The rule limits drawbridge openings for recreational vessels to: (1) Tuesdays and Thursdays from 10:30 a.m. to 1:30 p.m. and 6:30 p.m. to 11:30 p.m.; and (2) Saturdays and Sundays from 7:00 a.m. to 7:00 p.m. Drawbridge Operation Regulation, Chicago River, IL, 60 Fed.Reg. 18006, 18008 (1995). Plaintiff contends that this regulation, like the previous one, was promulgated in violation of numerous provisions of the APA.[2] Defendant contends that the APA does not apply to this regulation or, in the alternative, that if the APA applies, defendant complied with the statute's requirements.

The Coast Guard, a division of the Department of Transportation, issues temporary rules under the authority of 33 C.F.R. § 117.43 (1993), which provides:

> In order to evaluate suggested changes to the drawbridge operation requirements, the District Commander may authorize temporary deviations from the regulations in this part for periods not to exceed 90 days....

On February 16, 1995, apparently acting pursuant to § 117.43, the Coast Guard published a notice of a proposed temporary rule—the latest in a series of seven such rules—and invited public comment thereon. The proposed temporary rule would have required the City of Chicago to open its drawbridges for the passage of recreational vessels seven days a week, except for Mondays through Fridays, 7:30 a.m. to 10:00 a.m. and 4:00 p.m. to 6:30 p.m., subject to a 24–hour notice requirement. On March 9, a public hearing was held, at which the Coast Guard received additional data and comments. On April 10, the regulation at issue was published.

*Analysis*

Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Because the issues raised by the present motions concern only questions of law, this matter is appropriate for resolution on summary judgment.

 As a preliminary matter, the Court must determine whether the APA applies to a temporary rule. The law is clear that it does. *See, e.g., Tennessee Gas Pipeline Co. v. Federal Energy Regulatory Comm'n*, 969 F.2d 1141, 1144–45 (D.C.Cir.1992); *Mid–Tex Elec. Coop., Inc. v. Federal Energy Regulatory Comm'n*, 822 F.2d 1123, 1131–32 (D.C.Cir. 1987); *see also Reeder v. Federal Communications Comm'n*, 865 F.2d 1298, 1304–05 (D.C.Cir.1989) (assuming applicability of APA to interim rule). Congress was precise in setting forth the circumstances under which an agency is exempt from the APA's

---

**1.** Contrary to government counsel's incorrect characterization of the Order issued on October 14, 1994, the Court has not ruled on the validity of any of the Coast Guard's temporary rules under the APA. The October 14, 1994, Order addressed only the very narrow issue of whether the Coast Guard had violated the terms of the *Crowley's I* Opinion and Order. The Court held that it had not because nothing in the Opinion or the Order precluded the Coast Guard from initiating a new rulemaking proceeding. It is an established principle of administrative law that an agency may reach the same result as one previously vacated if it properly supports its new rule. *See Securities and Exchange Comm'n v.*

*Chenery Corp.*, 332 U.S. 194, 195–201, 67 S.Ct. 1575, 1577–79, 91 L.Ed. 1995 (1947).

**2.** Plaintiff also raises the issue of whether improper political influences have been brought to bear on the Coast Guard's decision repeatedly to use "temporary deviations" to accommodate the interests of the City of Chicago. Although troubled by the allegations of impropriety, the Court need not deal with the disputed factual issues surrounding them in light of the agency's failure to comply with the APA, which alone forms the basis of the Court's holding.

notice and comment procedures and intended that the exceptions be "narrowly construed and reluctantly countenanced." *See State of New Jersey v. Environmental Protection Agency,* 626 F.2d 1038, 1045–46 (D.C.Cir. 1980) (discussing exceptions set forth under 5 U.S.C. § 553(b) and the underlying legislative history). It follows that a temporary rule is exempted from the APA's requirements only if it meets one of the exemptions set forth under § 553(b)(3). *See id.; Tennessee Gas Pipeline Co.,* 969 F.2d at 1144–45; *Mid–Tex Elec. Coop., Inc.,* 822 F.2d at 1131–32. The only exemption that conceivably could be applicable in this case is the "good cause" exemption. 5 U.S.C. § 553(b)(3)(B). The "good cause" exemption states:

> [T]his subsection does not apply—(B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

*Id.* The Coast Guard, however, has not invoked the good cause exemption.[3] It relies only on its authority to promulgate temporary rules under 33 C.F.R. § 117.43. That regulation, however, may not expand the exemptions beyond those enumerated in the APA, and thus provides no authority for the Coast Guard's action in this case. Because the Coast Guard has not acted pursuant to the "good cause" exemption—and even now does not claim that the exemption supports the temporary rule—the Court holds that the APA applies to the temporary rule.

■ The Coast Guard, by publishing the notice of the proposed temporary rule in the Federal Register and accepting and considering comments thereon, satisfied the notice and comment requirements of § 553. The Court rejects plaintiff's characterization of the final temporary rule as a "substantial departure" from the proposed temporary rule which failed to provide adequate notice of the weekday restrictions to affected parties. The sections of the notice on "Background and Purpose" and "Discussion of

Comments and Changes" are clear that weekday daytime restrictions beyond the rush hour periods were foreseeable variations of the proposed rule that the Coast Guard might choose to implement. *See Chocolate Mfrs. Ass'n of the United States v. Block,* 755 F.2d 1098, 1104 (D.C.Cir.1985) (noting that notice is adequate if it is "sufficiently descriptive to provide interested parties with a fair opportunity to comment and to participate in the rulemaking.").

■ Nonetheless, the temporary rule must be vacated. As this Court explained in *Crowley's I,* a regulation must be set aside if it is "arbitrary and capricious":

> An agency rule is arbitrary and capricious if the agency has "entirely failed to consider an important aspect of the problem [or] offered an explanation for its decision that runs counter to the evidence before the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.* [463 U.S. 29, 43], 103 S.Ct. 2856, 2867 [77 L.Ed.2d 443] (1983). Thus, "[the Court's] task is to determine whether the agency has articulated a rational connection between its factual judgment and its ultimate policy choice, and whether the underlying factual judgments are supported by substantial evidence." *Center for Auto Safety v. Federal Highway Admin.,* 956 F.2d 309, 313 (D.C.Cir.1992) (citations omitted). Such review is deferential, and a reviewing court may not substitute its judgment for that of the agency. *State Farm* [463 U.S. at 41–43], 103 S.Ct. at 2866. At the same time, a reviewing court may not supply a basis for upholding the agency's action that the agency itself has not given, nor may the Court accept *post hoc* rationalizations proffered by the agency's counsel. *Id.* [at 43–45, 103 S.Ct.] at 2867; *Securities and Exchange Comm'n v. Chenery Corp.* [332 U.S. 194, 195–97], 67 S.Ct. 1575, 1577 [91 L.Ed. 1995] (1947). The agency's decision must stand or fall on the basis articulated by the agency itself.

*Crowley's I,* 863 F.Supp. at 21. For reasons the Court does not understand, the Coast

---

**3.** Although the City of Chicago has asserted that weekday openings during a peak boating season create an emergency situation, the Coast Guard instead justifies the temporary regulations on the ground that it needs to collect more data.

Guard has chosen not to file the administrative record, instead filing the affidavits of Admiral Rudy K. Peschel, Commander of the Ninth Coast Guard District;[4] Michael P. Huerta, Associate Deputy Secretary, Office of Intermodalism at the Department of Transportation; and Joseph F. Boyle, Jr., Commissioner of the City of Chicago's Department of Transportation. The APA, however, requires that judicial review be based on the full administrative record that was before the agency at the time the decision was made.[5] *Walter A. Boswell Mem. Hosp. v. Heckler,* 749 F.2d 788, 792 (D.C.Cir.1984). Because the Coast Guard has declined to submit the administrative record in support of its rule, the Court concludes that the temporary rule must be vacated as arbitrary and capricious.

Indeed, the temporary rule itself indicates that it is not supported by substantial evidence. The Coast Guard found that the comments and data "at this point are insufficient to provide a basis for a permanent regulatory change." 60 Fed.Reg. at 18007. Despite this finding, the Coast Guard altered its originally proposed temporary rule, which was virtually identical to the permanent rule that has been in place from 1976 to the present, and decided to restrict weekday daytime openings to Tuesdays and Thursdays. The face of the rule offers no explanation for this leap of logic, other than a 1988 statutory amendment that has been in place for over six years. *Id.* It provides that:

> [a]ny rules and regulations made in pursuance of this section shall, to the extent practical and feasible, provide for regularly scheduled openings of drawbridges during seasons of the year, and during times of the day, when scheduled openings would help reduce motor vehicle traffic delays and congestion on roads and highways linked by drawbridges.

33 U.S.C. § 499(a). The six-year-old amendment, which the Coast Guard has been aware of throughout the 1994 and 1995 rulemaking

proceedings, does not excuse the agency from supporting its rulemaking with evidence in the administrative record. (The Court is precluded from looking further into the administrative record perhaps to find a basis on which to sustain the Coast Guard's ruling by the agency's own decision not to file the administrative record with the Court.)

Although the Court recognizes the traffic and safety issues raised by the City of Chicago, the agency has utterly failed to provide this Court with a basis on which it could, legitimately under the law, uphold the temporary rule.

### Conclusion

Upon consideration of the foregoing, plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. Plaintiff's motion for a preliminary injunction is denied as moot. The Department of Transportation, Coast Guard Rule CGD09–95–004, published at 60 Fed.Reg. 18006 (1995), is vacated, and the permanent regulation in effect prior thereto, 33 C.F.R. § 117.391 (1993), is reinstated. An appropriate Order accompanies this Opinion.

---

4. Admiral Peschel is responsible for the rules and regulations governing the operating schedule for the drawbridges of the City of Chicago.

5. Judicial review may go forward on a partial record if the selected portions of the record were the result of mutual agreement between the parties after both sides had fully reviewed the administrative record. *Walter O. Boswell Mem. Hosp.,* 749 F.2d at 793. That situation does not exist here.